Dax D. Anderson (UBN 10168)
KIRTON McCONKIE
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Phone: (801) 328-3600
Fax: (801) 321-4893
Email: danderson@kmclaw.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| DOUBLETAP, INC., a Utah Corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ENCORE FURNITURE THRIFTS AND MORE, LLC *dba* DOUBLE TAP TACTICAL, LLC<br><br>　　　　Defendant. | Civil Action No. 2:16-CV-01240-DB<br><br>Judge Dee Benson<br><br>COMPLAINT<br>AND<br>JURY DEMAND |

Plaintiff DoubleTap, Inc. ("Plaintiff"), complains against Encore Furniture Thrifts and More, LLC *dba* Double Tap Tactical, LLC ("Defendant").

### Introduction

This is an action arising under the Lanham Act, 15 USC §1051 et seq., and state law. Defendant has willfully and unlawfully infringed Plaintiff's trademark rights with the clear intent of causing confusion, mistake and deception among customers and potential customers of Plaintiff.

**The Parties**

1.      Plaintiff DoubleTap, Inc. ("Plaintiff") is a corporation duly organized and existing pursuant to the laws of the State of Utah, with its principal place of business in Iron County, Utah.

2.      Plaintiff is the owner of U.S. Registered Trademark No. 4,763,961 (the "DOUBLETAP AMMUNITION® Mark") registered June 30, 2015, as well as DT TACTICAL (US Trademark Reg. No. 4,586,862), DT LONGRANGE (US Trademark Reg. No. 4,587,045), DT TARGET (US Trademark Reg. No. 4,587,044), DT DEFENSE (US Trademark Reg. No. 4586864), DT HUNTER (US Trademark Reg. No. 4,586,863) (collectively referred to herein as "DOUBLETAP Marks").  A true and correct copy of the registration certificates is attached as Exhibit A.

3.      On information and belief, Defendant Encore Furniture Thrifts and More, LLC *dba* Double Tap Tactical, LLC ("Defendant") is a Tennessee company with its principle place of business in Clarksville, Montgomery County, Tennessee.

4.      On information and belief Defendant is transacting and doing business within the judicial district and has committed the acts complained of herein within this judicial district.


**Jurisdiction and Venue**

5.      This is an action against Defendant for trademark infringement, false advertising and false designation of origin pursuant to 15 U.S.C. §§ 1114, 1116, 1119, 1121 and 1125(a); and Utah common law infringement, unfair competition and unjust enrichment.

6.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C., §§ 1116 and 1121(a), and 28 U.S.C. § 1338(a) as it involves federal trademark law; pursuant to 28 U.S.C. § 1338(b) as it involves unfair competition related to a claim under trademark laws; pursuant to 28 U.S.C. § 1331 as it involves a federal question; and pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different States. This Court

has supplemental jurisdiction over the claims that arise under Utah law pursuant to 28 U.S.C. § 1367(a) in that they are so related to the claims that arise under the trademark laws of the United States that they form part of the same case or controversy under Article III of the United States Constitution because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

7.      This Court has general personal jurisdiction over Defendant based on its transaction of business in Utah and its sufficient minimum contacts with Utah. This Court also has specific personal jurisdiction over Defendant because the claims arise from Defendant's interactive website, which has targeted consumers include Utah residents, because such website is configured to ship orders to Utah, because Utah residents can set up accounts and make purchases through such website, and because such website is likely to cause and has caused actual confusion among Utah consumers.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c) because a substantial part of Defendant' acts giving rise to Plaintiff's claims occurred in this District.

## PLAINTIFF'S WELL KNOWN TRADEMARK

9.      Plaintiff Doubletap is a Utah-based company that specializes in making high-end ammunition and bullets. Beginning in 1993, it has continuously and exclusively offered its products under its DOUBLETAP Marks.

10.     Doubletap's high quality control standards which include hand inspection of each round of ammunition that it sells have made Doubletap's ammunition and bullets highly sought after by throughout the firearms, ammunition, hunting, tactical, self-defense, and shooting sports markets.

11.     These characteristics of its DOUBLETAP products are highly sought after by all types of shooting enthusiasts. Major gun manufacturers and celebrities have partnered with Doubletap to manufacture specialty ammunition. In addition, Doubletap is often featured in

magazines and write-ups on quality ammunition. Doubletap has made a significant investment to become the industry leader for powerful, reliable and accurate ammunition. As a result, Doubletap is at the cutting edge of innovation for all applications from defensive ammunition to hunting ammunition.

12.    Doubletap has adopted, used and continues to use the DOUBLETAP AMMUNITION® MARK, and has been, and continues to be, in the business of producing and selling ammunition and bullets, as well as providing online retail store services and online blog services for tactical and hunting related goods including tactical gear, hunting gear, weapons and accessories all under the name DOUBLETAP.

13.    Plaintiff has adopted, used and continues to use the distinctive term DOUBLETAP identical to the dominant term of Plaintiff's DOUBLETAP AMMUNITION® MARK, and has been, and continues to be, in the business of producing and selling ammunition and bullets, as well as providing online retail store services and online blog services for tactical and hunting related goods including tactical gear, hunting gear, weapons and accessories all under the name DOUBLETAP.

14.    Plaintiff has adopted, used and continues to use the DT TACTICAL® MARK, and has been, and continues to be, in the business of producing and selling ammunition and bullets, as well as providing online retail store services and online blog services for tactical and hunting related goods including tactical gear, hunting gear, weapons and accessories all under the name DOUBLETAP.

15.    Plaintiff has continuously used and provided bullets and ammunition in connection with the DOUBLETAP® MARK since at least as early as August 2002.

16.    Doubletap has spent significant resources, effort and time promoting the DOUBLETAP AMMUNITION® and DT TACTICAL® MARKS throughout the United States through nationwide television, radio, social media, its website www.doubletapammo.com, as well as through tradeshows, paid online advertising and event program advertising.

17.     Plaintiff's DOUBLETAP AMMUNITION® and DT TACTICAL® MARKS have come to be known in the purchasing public throughout the United States as representing products of high quality, emanating from a single source. As a result thereof, the DOUBLETAP AMMUNITION® and DT TACTICAL® MARKS and the goodwill associated therewith have become assets of great value to Plaintiff.

18.     As a direct result of Plaintiff's time, resources and extensive marketing efforts, the DOUBLETAP AMMUNITION® and DT TACTICAL MARKS are now a nationally recognized brand that uniquely identifies Plaintiff as the single source of products and services bearing the DOUBLETAP MARKS within the hunting and tactical use markets.

## DEFENDANT' INFRINGING ACTS

19.     On information and belief, Defendant applied to federally register the mark DOUBLE TAP TACTICAL on November 23, 2015 for "On-line retail store services featuring tactical gear and apparel, firearms, and firearm components; Retail store services featuring tactical gear and apparel, firearms, and firearm components" based on a date of first use in 2011, nearly ten years after Plaintiff began using the DOUBLETAP AMMUNITION® Mark. Defendant's DOUBLE TAP TACTICAL application was refused registration because the USTPO found a likelihood of confusion between Defendant's trademark application and Doubeltap's registrations of the DOUBLETAP Marks.

20.     On information and belief, Defendant similarly applied to register the mark DT TACTICAL on November 24, 2015 for "On-line retail store services featuring stickers, clothing, guns, and gun components." Defendant's DT TACTICAL application was refused registration because the USTPO found a likelihood of confusion between Defendant's trademark application and Doubeltap's registrations of the DOUBLETAP Marks. Defendant abandoned the application.

21.     Notwithstanding this specific knowledge of likely confusion that would result from Defendant's use of the DOUBLETAP Marks, on information and belief, Defendant has adopted, used and continues to use the distinctive term DOUBLETAP, identical to the dominant term of Plaintiff's DOUBLETAP AMMUNITION® MARK, as well as the DT TACTICAL®

MARK, identical to Doubletap's registration, and has been, and continues to be, in the business of selling ammunition, bullets, apparel, tactical gear, hunting gear, weapons, accessories and providing online retail services under the name DOUBLETAP and DT TACTICAL.

22.     On information and belief, in spite of the USPTO's refusal to register the marks and Defendant's actual knowledge of Doubletap's prior rights to a nearly identical mark for overlapping goods, Defendant decided to use the marks "DOUBLETAP" and DT TACTICAL" in connection with ammunition and bullets, as well as providing online retail store services and online blog services for tactical and hunting related goods including tactical gear, hunting gear, weapons and accessories and continues to do so today. More specifically, on information and belief, Defendant uses the DOUBLETAP and DT TACTICAL marks in connection with the sale, offering for sale, distribution, and advertising of ammunition and bullets, as well as providing online retail store services and online blog services for tactical and hunting related goods including tactical gear, hunting gear, weapons and accessories.

23.     Defendant never sought authorization or consent from Doubletap to use the name DOUBLETAP or DT TACTICAL in connection with its ammunition, bullets and related goods and services.

24.     Prior to filing this lawsuit, Doubletap advised Defendant of actual confusion that was resulting in the marketplace due to its use of the DOUBELTAP Marks and requested that Defendant cease its infringing activities in an effort to avoid litigation. Defendant, however, refused to cease use of the DOUBLETAP Marks, necessitating this lawsuit.

25.     On information and belief, Defendant was aware of Doubletap's registrations and rights in and use of the DOUBLETAP Marks before first marketing and use of the DOUBTAP and DT TACTICAL brand. On information and belief, Defendant continues to use the DOUBLETAP Marks despite actual knowledge of the 1)the confusion it is causing, 2)Doubletap's registrations for the DOUBLETAP Marks and 3)Doubletap's objections to Defendant's use of the DOUBELTAP Marks.

26.     On information and belief, Defendant intentionally adopted the name DOUBLETAP and DT for the purpose of exploiting and trading on Doubletap's goodwill, reputation, and success, and because Doubletap is a small company and would be easily overwhelmed in a large legal battle.

27.     The confusing similarity between Defendant's DOUBLETAP and DT marks and the DOUBLETAP Marks has caused confusion and is likely to cause confusion with regard to the source of the parties' products. The parties' marks are visually and phonetically nearly identical and connote the same meaning. Thus, the marks are confusingly similar in sight, sound, and meaning.

28.     Moreover, on information and belief, both parties sell nearly identical or related, and/or complementary goods; competing, or will compete, in the same channels of trade; and marketed in the same channels of trade to the same consumers.

29.     On information and belief, Defendant's actions have caused and will continue to cause a likelihood of confusion and result in irreparable harm to DOUBLETAP.

30.     The advertising and offer for sale by Defendant of its apparel, tactical gear, weapons, ammunition, and accessories under the DOUBLETAP and DT TACTICAL Marks has been in total disregard of Plaintiff's rights and were (i) commenced, and (ii) have continued in spite of Defendant' knowledge that the advertising and offer for sale of such products was and is in direct contravention of Plaintiff's rights.

## COUNT I
## Trademark Infringement – Violation of 15 USC §1114
## (TRADEMARK INFRINGEMENT)

31.     Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

32.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. § 1114(a) and alleges Defendant uses in commerce a

reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered Marks in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use that is likely to cause confusion, or to cause mistake, or to deceive through its use of the domain name www.doubletapstore.com and the use of DOUBLE TAP and DT TACTICAL on its website.

33.     As the owner of federally registered trademarks for DOUBLTAP in connection with bullets and ammunition, Doubletap is entitled to exclusive use of the DOUBLETAP MARKS and any marks confusingly similar to it in connection with Doubletap's products throughout the United States.

34.     As a result of Doubletap's widespread and continuous use of the DOUBETAP MARKS in commerce, the mark enjoys considerable goodwill that has become associated with Doubletap and its products.

35.     Prior to Defendant's adoption and use of the marks DOUBLETAP and DT TACTICAL, Defendant either had actual notice or knowledge, or constructive notice (pursuant to 15 U.S.C. § 1072), of the registered DOUBLETAP MARKS. Additionally, at a minimum, Defendant had actual knowledge of the DOUBLETAP MARKS once the Trademark Examiner cited the DOUBLETAP MARKS in its refusal to register Defendant's marks over six months ago. Defendant has also been aware of Doubletap's objections to its use of DOUBETAP MARKS since October 2016, when it received Doubletap's cease and desist letter.

36.     Defendant, in order to cause confusion, mistake, or to deceive customers; in an attempt to trade on the goodwill, reputation, and marketing power established by the DOUBLETAP MARKS; and/or in blatant disregard of the rights of Doubletap and likely consumer confusion, deliberately and willfully adopted and used the DOUBLETAP Marks in connection with products that directly compete with Doubletap's DOUBLETAP and DT TACTICAL-branded products. It has used and continues to use the DOUBLETAP mark in connection with the sale, offering for sale, distribution, and promotion of its products in such a manner as to misrepresent the source, sponsorship, and approval of its goods.

37.     Defendant's unauthorized use of the DOUBLETAP MARKS deprives Doubletap of the ability to control consumer perception of the quality of the goods and services marketed under the DOUBLETAP Marks and, instead, places Doubletap's hard-earned and valuable reputation and goodwill into the hands of Defendant, over whom Doubletap has no control.

38.     Defendant's unauthorized use of ENVIE is likely to cause confusion, deception, or mistake with regard to the source of the products and/or the sponsorship, approval, or affiliation of Defendant by or with Doubletap, thereby constituting confusion, and will confuse consumers into believing that Defendant is the source of Doubletap's products, or that DOUBLETAP is infringing rights owned by Defendant, thereby constituting reverse confusion. It has also caused and will continue to cause substantial damages, in an amount well in excess of $75,000.

39.     These acts of Defendant constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

40.     The intentional nature of Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a).

41.     Doubletap is without any adequate remedy at law to redress Defendant's acts complained of herein and has been and will continue to be irreparably harmed unless Defendant is enjoined from committing and continuing to commit such acts.

### COUNT II
### (VIOLATION OF 15 U.S.C. § 1125(a))
### (FALSE ADVERTISING)

42.     Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

43.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. § 1125(a) and alleges the use in commerce by Defendant of false designations of origin and false descriptions and representations of fact. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, et seq.,

particularly under 15 U.S.C. § 1125(a) and alleges the use in commerce by Defendant of false designations of origin and false descriptions and representations of fact.

44.     Defendant has used and continues to use the DOUBLETAP MARKS in connection with the sale, offering for sale, distribution, and promotion of its products in such a manner as to misrepresent the source, sponsorship, and approval of its goods.

45.     Defendant's unauthorized use of the DOUBLETAP MARKS falsely suggests that its goods and services are connected with, sponsored by, affiliated with, related to, and/or approved by Doubletap its products marketed under the DOUBLETAP MARKS.

46.     On information and belief, Defendant has acted with knowledge of Doubletap's DOUBLETAP MARKS and with deliberate intention to unfairly benefit from the goodwill symbolized thereby.

47.     Defendant's unauthorized use of a confusingly similar trademark constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     Doubletap without any adequate remedy at law to redress Defendant's acts complained of herein and will be irreparably harmed unless Defendant is enjoined from committing and continuing to commit such acts.

<u>**COUNT III**</u>
<u>**(COMMON LAW TRADEMARK INFRINGEMENT)**</u>

49.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

50.     Plaintiff's Mark is distinctive and has acquired secondary meaning.

51.     Because of Doubletap's significant promotion and advertising efforts under the DOUBBLETAP MARKS, the marks have become uniquely associated with Doubletap and identify Doubletap as the source of its products. Doubletap's DOUBLETAP MARKS are a valid trademark under the common law.

52.     Defendant has used and continues to use the DOUBLETAP MARKS in connection with the sale, offering for sale, distribution, and promotion of its products in such a

manner as to misrepresent the source, sponsorship, and approval of its goods, creating a likelihood of confusion as to the source of Defendant's and Doubletap's competing goods.

53.     Defendant's acts constitute trademark infringement under the common law.

54.     Defendant's unauthorized and infringing use of the DOUBLETAP MARKS also constitutes unfair competition with Doubletap under the common law, in that such use enables Defendant to obtain the benefit of, and trade upon, the widespread recognition and goodwill of the DOUBLETAP MARKS; Doubletap has no control over the business of Defendant and its impact on Doubletap's goodwill; and such use is likely to cause confusion, mistake, or deception, and result in the unjust enrichment of Defendant.

55.     Doubletap is without any adequate remedy at law to redress Defendant's acts complained of herein and will be irreparably harmed unless Defendant is enjoined from committing and continuing to commit such acts

56.     Defendant' actions, as alleged above, infringe Plaintiff's common law trademark rights under federal common law, Utah common law, and constitute acts of unfair competition.

57.     By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

58.     The infringing activities of Defendant, on information and belief, are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT IV
### (Unfair Competition (Utah Code Ann. § 13–5a–101 et seq.))

59.     Plaintiff realleges and incorporates by this reference all of the foregoing paragraphs.

60.     Doubletap adopts and incorporates by reference the preceding paragraphs as if fully restated herein.

61.     Defendant has used and continues to use the DOUBLETAP MARKS in connection with the sale, offering for sale, distribution, and promotion of its products in such a manner as to misrepresent the source, sponsorship, and approval of its goods, creating a

likelihood of confusion. These actions were and are intentional, unfair, and infringe on the DOUBLETAP MARKS.

62.     As a direct and proximate result of Defendant's unauthorized use of the DOUBLETAP MARKS, Doubletap has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

63.     Defendant's acts constitute unfair competition and unfair business practices under Utah's Unfair Competition Act (Utah Code Ann. § 13–5a–101 et seq.).

64.     Doubletap is without any adequate remedy at law to redress Defendant's acts complained of herein and will be irreparably harmed unless Defendant is enjoined from committing and continuing to commit such acts. Doubletap is also entitled to recover its damages, costs, and attorneys' fees. See Utah Code Ann. 1953 § 13-5a-103.

65.     In performing the conduct described herein, Defendant acted with oppression, fraud, or malice, and intending to injure Doubletap and wrongfully advantage itself at Doubletap's expense. As such, Doubletap is entitled to an award of punitive damages, sufficient to punish and deter Defendant from engaging in such conduct in the future, in an amount to be ascertained at trial. See Utah Code Ann. 1953 § 13-5a-103.

## COUNT IV
### (Deceptive Trade Practices (Utah Code Ann. § 13–11–1 et seq.))

66.     Defendant has used and continues to use the DOUBLETAP MARKS in connection with the sale, offering for sale, distribution, and promotion of its products in such a manner as to misrepresent the source, sponsorship, and approval of its goods, creating a likelihood of confusion as to the source of Defendant's and Doubletap's competing goods.

67.     As a direct and proximate result of Defendant's unauthorized use of the DOUBLETAP MARKS, Doubletap has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

68.     Defendant's acts constitute deceptive acts under Utah Consumer Sales Practices Act (Utah Code Ann. § 13–11–1 et seq.).

69.     Doubletap is without any adequate remedy at law to redress Defendant's acts complained of herein and will be irreparably harmed unless Defendant is enjoined from committing and continuing to commit such acts. Doubletap is also entitled to recover its damages, costs, and attorneys' fees. See Utah Code Ann. 1953 § 13-11-17.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

WHEREFORE, Plaintiff demands:

I.     That an injunction be issued enjoining Defendant and Defendant's officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them:

A.     From using DOUBLETAP and DT or any trademarks confusingly similar thereto in product labels, advertising and promotional materials, domain names, in connection with bullets and ammunition and goods related thereto;

B.     From using any trademark which may be calculated to falsely represent or which has the effect of falsely representing that the products or services of Defendant or third parties are sponsored by, authorized by, or in any way associated with Plaintiff;

C.     From infringing the DOUBLETAP AMMUNITION® MARK;

D.     From infringing the DT TACTICAL® MARK;

E.     From otherwise unfairly competing with Plaintiff; and

F.     From falsely representing itself as being connected with Plaintiff, or sponsored by or approved by or associated with Plaintiff or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that Defendant is, in any way, associated with Plaintiff.

II.      That Defendant be required to pay to such actual damages as Plaintiff has sustained in consequence of the acts of Defendant complained of herein, and that any such monetary award be enhanced up to three times pursuant to the provisions of 15 U.S.C. § 1117.

III.     That Defendant be required to account to Plaintiff for all profits resulting from Defendant's infringing activities and false advertising and that such award of profits to Plaintiff be increased by the Court as provided for under 15 U.S.C. § 1117.

IV.     That Defendant be required to pay to Plaintiff punitive damages in connection with Plaintiff's common law unfair competition and false advertising claim.

V.      That Plaintiff have recovery from Defendant the costs of this action and Plaintiffs reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

VI. That Plaintiff have all other further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded for all issues so triable.

DATED this 8th day of December, 2016.

KIRTON & McCONKIE

By:    /s/Dax D. Anderson
          Dax D. Anderson

          Attorney for Plaintiff
          Doubletap, Inc.